**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| PACIFIC PREMIER BANK, *Plaintiff*, | § § § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-00312-B |
| GROUP MIDLAND HOTELS, LLC, and CHETNA HIRA, *Defendants*. | § § § § | |

**PLAINTIFF PACIFIC PREMIER BANK'S**
**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Respectfully submitted,

JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000

By: */s/ Robert P. Latham*
Robert P. Latham
State Bar No. 11975500
Email: blatham@jw.com
Lindsey E. Marsh
State Bar No. 24087977
Email: lmarsh@jw.com

**ATTORNEYS FOR PLAINTIFF PACIFIC PREMIER BANK**

## TABLE OF CONTENTS


I. OVERVIEW AND SUMMARY OF MOTION ..... 1
II. SUMMARY JUDGMENT EVIDENCE ..... 1
III. UNDISPUTED FACTS ..... 2

A. Execution of the Loan Documents. ..... 2
B. Default under the Loan Documents and Breach of the Guaranty. ..... 3
C. The Lawsuit and GMH's Bankruptcy. ..... 4
D. PPB's Damages. ..... 5

IV. ARGUMENTS AND AUTHORITY ..... 6

A. Summary Judgment Standard. ..... 6
B. Breach of the Guaranty. ..... 7

i. PPB is Entitled to Summary Judgment for Hira's Breach of the Guaranty. ..... 7
ii. PPB Is Entitled to Summary Judgment, in the Alternative, Under a Theory of Breach of Contract. ..... 8

V. Attorneys' Fees and Costs. ..... 9
VI. Post-Judgment Interest. ..... 11
VII. Prayer ..... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1985)........................................................................................................6

*Fontenot v. Upjohn Co.*,
780 F.2d 1190 (5th Cir. 1986) ..........................................................................................6

**State Cases**

*Clark v. Dedina*,
658 S.W.2d 293 (Tex.App. – Houston [1st Dist.] 1983) ..................................................8

*Wiman v. Tomaszewicz*,
877 S.W.2d 1 (Tex. App.—Dallas 1994, no writ) .............................................................7

*Winchek v. American Express Travel Related Servs.*,
232 S.W.3d 197 (Tex.App.—Houston [1st Dist.] 2007, no pet.) ......................................8

**State Statutes**

Texas Civil Practice and Remedies Code § 38.001(8) ...........................................................9

**Rules**

FED. R. CIV. P. 56 ....................................................................................................1, 6

FED. R. CIV. P. 56(a).........................................................................................................1

FED. R. CIV. P. 56(c).........................................................................................................6

United States District Court for the Northern District of Texas Local Rule 56.5 ...........................1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| PACIFIC PREMIER BANK, *Plaintiff*, | § § § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-00312-B |
| GROUP MIDLAND HOTELS, LLC, and CHETNA HIRA, *Defendants*. | § § § § | |

**PLAINTIFF PACIFIC PREMIER BANK'S**
**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff Pacific Premier Bank ("Plaintiff" or "PPB") files this Brief in Support of Motion for Summary Judgment (the "Motion") against Chetna Hira ("Defendant" or "Hira") in accordance with Rule 56 of the Federal Rules of Civil Procedure and Rule 56.5 of the Local Rules of the United States District Court for the Northern District of Texas.

## I. OVERVIEW AND SUMMARY OF MOTION

1. Group Midland Hotels, LLC ("GMH") executed a promissory note in favor of PPB (the "Note"). In connection with the execution of the Note, Hira executed a guaranty which guaranteed the full amount of the indebtedness of GMH to the PPB (the "Guaranty").

2. The Note is in default. Despite demand, neither GMH nor Hira have paid PPB pursuant to the Note and Guaranty. As a result, PPB filed this lawsuit.

3. PPB is entitled to summary judgment against Hira because PPB can prove each element of its claim for breach of guaranty. *See* FED. R. CIV. P. 56(a).

## II. SUMMARY JUDGMENT EVIDENCE

4. PPB relies on the pleadings on file with the Court, as well as the following exhibits and attachments to this Motion, each of which is incorporated by reference:

Exhibit A: Affidavit of Mark Whalen, with the following attachments (Exhibits A-1 to A-4):

Exhibit A-1: Loan agreement dated December 3, 2012, executed by PPB, as lender, and GMH, as borrower, under which GMH borrowed from PPB $2,440,000.00.

Exhibit A-2: U.S. Small Business Administration Note dated December 10, 2012, executed by GMH and delivered to PPB in the principal amount of $2,440,000.00.

Exhibit A-3: Unconditional guarantee agreement dated December 3, 2012, executed by Hira, which unconditionally guaranteed GMH's payment obligations under the Note to PPB.

Exhibit A-4: Demand letters from PPB to GMH and Hira.

Exhibit B: The Affidavit of Robert P. Latham dated May 19, 2017, with the following attachments (Exhibits B-1 to B-2):

Exhibit B-1: Hira's Responses to PPB's First Set of Discovery Requests.

Exhibit B-2: Attorneys' Fees Invoices from Jackson Walker LLP to PPB.

The live pleadings in this case that are relevant to this Motion are PPB's Original Complaint and Emergency Application for the Appointment of a Receiver and Hira's Original Answer.

## III. UNDISPUTED FACTS

### A. Execution of the Loan Documents.

5. On December 3, 2012, PPB, as lender, and GMH, as borrower, executed a business loan agreement (the "Loan Agreement") under which GMH borrowed from PPB $2,440,000.00.[1]

6. On December 10, 2012, GMH executed and delivered to PPB the Note in the principal amount of $2,440,000.00.[2] Under the terms of the Note, GMH was obligated to pay

[1] *See* Ex. A, ¶ 7 (App. 2); Ex. A-1 (App. 6-13).

[2] *See* Ex. A, ¶ 7 (App. 2); Ex. A-2 (App. 14-16).

principal and interest payments of $15,724.30 (the "Note Payment") on the first day of every month, beginning February 1, 2013, and continuing through January 1, 2038, at which time, the remaining amount of principal and accrued unpaid interest was payable in full.[3] The Note provides that, among other things, GMH's failure to make any payment when due under the Note is an event of default.[4] In accordance with the Note and Loan Agreement, PPB timely advanced funds to GMH.[5]

7. On December 3, 2012, and in connection with the Loan Agreement and Note, Hira entered into the Guaranty.[6] The Guaranty is an unconditional guaranty of GMH's payment obligations under the Note to PPB.[7] The Guaranty does not require PPB to seek payment from GMH prior to demanding payment from Hira.[8]

**B. <u>Default under the Loan Documents and Breach of the Guaranty.</u>**

8. Since 2015, GMH has failed to make timely Note Payments to PPB.[9] On April 13, 2015, January 20, 2016, and March 17, 2016, PPB made repeated demands for payment from GMH and Hira.[10]

9. On August 1, 2016, GMH failed to pay the Note Payment to PPB.[11] Pursuant to the terms of the Note, GMH is in default.[12] On August 12, 2016, PPB demanded immediate payment from GMH and Hira.[13] Despite demand, the Note remains unpaid.[14]

---

[3] *Id.*
[4] *Id.*
[5] *See* Ex. A, ¶ 8 (App. 2).
[6] *See* Ex. A, ¶ 9 (App. 3); Ex. A-3 (App. 17-19).
[7] *Id.*
[8] *Id.*
[9] *See* Ex. A, ¶ 11 (App. 3).
[10] *See* Ex. A, ¶ 11 (App. 3); Ex. A-4 (App. 20-29).
[11] *See* Ex. A, ¶ 12 (App. 3); *see* Ex. B-1, Hira's Resps. to PPB's Reqs. for Adm. No. 24 (App. 43).
[12] *Id.*; Ex. A-2 (App. 14-16).
[13] *See* Ex. A, ¶ 12 (App. 3); Ex. A-4 (App. 20-29).

10. As of May 4, 2017, the principal, interest, and charges due on the Note amounts to $2,411,749.19.[15] This figure does not include any costs or attorneys' fees which are owed to PPB by GMH and Hira.[16]

11. Pursuant to the Guaranty, PPB is entitled to collect from Hira all amounts owed by GMH as well as all costs of collection, including attorneys' fees.[17] Hira has failed and refused to make payments required by the Guaranty.[18]

12. All conditions precedent to the relief sought by PPB herein have been satisfied.[19]

**C. <u>The Lawsuit and GMH's Bankruptcy.</u>**

13. On February 2, 2017, PPB filed suit against GMH and Hira for breach of contract on the Note, the Guaranty, and the Loan Agreement (the "Lawsuit").[20]

14. On February 6, 2017, GMH filed Chapter 11 bankruptcy. That case is styled: *In re Group Midland Hotels, LLC*, Case No. 17-70021, in the United States Bankruptcy Court for the Western District of Texas, Midland Division. On March 10, 2017, GMH filed a Suggestion of Bankruptcy in this case, which stayed all affirmative claims against GMH.[21] PPB is a named secured creditor in GMH's bankruptcy. GMH's bankruptcy is pending and a discharge has not yet been granted.

---

[14] *See* Ex. A, ¶¶ 12-13 (App. 3).
[15] *See* Ex. A, ¶ 13 (App. 3).
[16] *Id.*
[17] *See* Ex. A-3 (App. 17-19).
[18] *See* Ex. A, ¶ 12 (App. 3).
[19] *Id.*; *see* Ex. B-1, Hira's Resps. to PPB's Reqs. for Adm. No. 12 (App. 41).
[20] *See* PPB's Compl. (Dkt. # 1).
[21] *See* GMH's Suggestion of Bankruptcy (Dkt. # 5).

15. On March 27, 2017, Hira filed an Original Answer in the Lawsuit.[22] Hira's answer fails to identify any affirmative defenses, and otherwise fails to provide any reason as to why Hira does not owe PPB the amounts due under the Note and Guaranty.[23]

**D. <u>PPB's Damages</u>.**

16. As of May 4, 2017, a balance of $2,411,749.19 remains due and owing on the Note after taking into account any offsets and credits.[24] This amount is comprised of $2,295,647.96 in principal, $119,438.38 in interest, and $8,662.85 in late charges and fees.[25] An offset for adequate protection payments made by GMH in the bankruptcy lawsuit has been included in the amount of $12,000.00.[26] Interest continues to accrue in the amount of $424.54 per day on the Note.[27] This figure does not include any costs or attorneys' fees which are owed to PPB by Hira.[28]

17. Despite demand, GMH and Hira have not paid the amounts due and owing to PPB.[29]

---

[22] *See* Hira's Ans. (Dkt. # 8).

[23] *Id.*

[24] *See* Ex. A, ¶ 13 (App. 3).

[25] *Id.*

[26] PPB may apply any adequate protection payments received during the bankruptcy case to any outstanding amount owed by of GMH , whether principal or interest, or costs, and GMH does not have the right to claim that any such adequate protection payments should be applied or should be offset against the outstanding principal amount. However, in the interest of preparing an uncontestable judgment amount for this Motion, PPB has applied the two $6,000.00 adequate protection payments made to date to the outstanding principal amount due and owing under the Note. PPB does not waive its right as to how to apply any other adequate protection payment amounts from GMH in its sole discretion. *See id.*

[27] *Id.*

[28] *Id.*

[29] *See* Ex. A, ¶ 12 (App. 3).

## IV. ARGUMENTS AND AUTHORITY

### A. Summary Judgment Standard.

18. Summary judgment is appropriate when the movant establishes that there is "no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."[30] This standard requires the moving party to establish every essential element of its claim or defense.[31] The movant, however, has no burden to negate or disprove matters on which the non-movant will have the burden of proof at trial.[32] Stated otherwise, the movant discharges his burden by "showing — i.e., pointing out to the Court — that there is an absence of evidence to support the non-moving party's case."[33] Thus, under Rule 56, a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of pleading but must set forth specific facts showing that there is a genuine issue for trial. This requires the opposing party to present affirmative evidence in order to defeat a properly supported motion for summary judgment:

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.[34]

19. Based on the summary judgment evidence, Hira has breached her payment obligations and is in default under the Guaranty as a matter of law. As a result, PPB is entitled to summary judgment against Hira for the amounts due and owing under the Note and Guaranty.

---

[30] Fed. R. Civ. P. 56(c); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1995 (5th Cir. 1986).

[31] *Upjohn*, 780 F.2d at 1194.

[32] *Celotex Corp. v. Catrett*, 477 U.S. 317 (1985).

[33] *Celotex*, 477 U.S. at 325.

[34] *Celotex*, 477 U.S. at 322.

**B. Breach of the Guaranty.**

20. PPB's summary judgment evidence conclusively demonstrates that it is entitled to its requested relief on the Guaranty. PPB has stated a cause of action for Hira's breach of the Guaranty and is entitled to summary judgment.

*i. PPB is Entitled to Summary Judgment for Hira's Breach of the Guaranty.*

21. To recover on a guaranty as a matter of law, a plaintiff must only show: (1) the existence and ownership of the guaranty contract, (2) the terms of the underlying Note, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or refusal to perform the promise by the guarantor.[35] As further articulated below, PPB has conclusively established that it has met all of the required elements of its action on the Guaranty, and therefore PPB is entitled to a judgment as a matter of law.

22. PPB's summary judgment evidence establishes that the requirements for a suit on a guaranty have been satisfied. First, Hira executed the Guaranty.[36] PPB has provided a copy of the executed Guaranty along with this motion, and Hira admits to executing the Guaranty.[37] PPB is the legal owner and holder of the Guaranty.[38] It is undisputed that the GMH is in default of the Note because, *inter alia*, it has failed to make timely payments under the Note.[39] GMH remains in default by failing to pay amounts due under the Note.[40] Further, Hira's Guaranty is unconditional.[41] Demand has been made upon GMH and Hira, and Hira has failed and/or

[35] *Wiman v. Tomaszewicz*, 877 S.W.2d 1, 8 (Tex. App.—Dallas 1994, no writ).

[36] *See* Ex. A, ¶ 9 (App. 3); Ex. B-1, Hira's Resps. to PPB's Reqs. for Adm. Nos. 9-10 (App. 41).

[37] *Id*.

[38] *See* Ex. A, ¶ 10 (App. 3).

[39] *Id.*; Ex. A-1 (App. 6-13); Ex. A-2 (App. 14-16); Ex. A-3 (App. 17-19); Ex. B-1, Hira's Resps. to PPB's Reqs. for Adm. Nos. 22, 26 (App. 42-43).

[40] *See* Ex. A, ¶ 10 (App. 3); Ex. A-2 (App. 14-16).

[41] *See* Ex. A-3 (App. 17-19).

refused to pay the amounts she has unconditionally guaranteed.[42] Hira can provide no summary judgment evidence to the contrary, and PPB is entitled to summary judgment to recover on the Guaranty from Hira.

*ii.* *PPB Is Entitled to Summary Judgment, in the Alternative, Under a Theory of Breach of Contract.*

23. Should the Court construe PPB's claim against the Hira as that of a breach of contract, PPB is still entitled to summary judgment.[43] To prevail on a breach of contract cause of action, a plaintiff must prove: 1) the existence of a valid contract; 2) performance or tendered performance by the plaintiff; 3) breach of the contract by the defendant; and 4) damages to the plaintiff resulting from the breach.[44] As further articulated below, PPB has conclusively established that it has met all four of the elements of its breach of contract cause of action against Hira, and therefore PPB is entitled to a judgment as a matter of law.

24. It is undisputed that GMH executed the Note.[45] It is also undisputed that PPB performed its part of the contract by advancing the funds to GMH, as represented in the Note and Loan Agreement.[46] It is further undisputed that Hira executed the Guaranty.[47] When GMH

---

[42] *See* Ex. A, ¶ 12 (App. 3); Ex. A-4 (App. 20-29).

[43] Texas courts have noted that in order to prevail on a summary judgment motion seeking performance of a guaranty agreement, a party "need not prove all essential elements of a breach of contract," but only needs to establish the elements of a claim on the guaranty. *Clark v. Dedina*, 658 S.W.2d 293, 295 (Tex.App. – Houston [1st Dist.] 1983). As discussed above, PPB has satisfied the elements of a claim on a guaranty. However, PPB includes this additional discussion of the elements of a breach of contract action in an abundance of caution and in an effort to emphasize that PPB is entitled to the requested relief on multiple legal theories.

[44] *Winchek v. American Express Travel Related Servs.*, 232 S.W.3d 197, 202 (Tex.App.—Houston [1st Dist.] 2007, no pet.)

[45] *See* Ex. A, ¶ 7 (App. 3); Ex. A-2 (App. 14-16); Ex. B-1, Hira's Resps. to PPB's Reqs. for Adm. Nos. 3-4 (App. 40).

[46] *See* Ex. A, ¶ 8 (App. 2); Ex. A-1 (App. 6-13); Ex. A-2 (App. 14-16).

[47] *See* Ex. A, ¶ 9;(App. 3); Ex. A-3 (App. 17-19); Ex. B-1, Hira's Resps. to PPB's Reqs. for Adm. Nos. 9-10 (App. 41).

defaulted on the Note by failing to pay the amounts due and owing to PPB, Hira's obligation to pay on the Note arose.[48]

25. As of May 4, 2017, a balance of $2,411,749.19 remains due and owing on the Note after taking into account any offsets and credits.[49] This amount is comprised of $2,295,647.96 in principal, $119,438.38 in interest, and $8,662.85 in late charges and fees.[50] An offset for adequate protection payments made by GMH in the bankruptcy lawsuit has been included in the amount of $12,000.00.[51] Interest continues to accrue in the amount of $424.54 per day on the Note.[52]

26. Because Hira has refused to pay PPB the money it is owed, Hira has breached her agreement with PPB and proximately caused PPB damages in the amount of $2,411,749.19, plus attorneys' fees and costs.[53] Thus, PPB has established the elements of the breach of the Guaranty, and PPB is entitled to summary judgment on its affirmative claim against Hira.

## V. ATTORNEYS' FEES AND COSTS.

27. Under the terms of the Guaranty, Hira agreed to pay all costs of collection under the Note and Guaranty, together with reasonable attorneys' fees.[54] Additionally, because this is a suit on a written contract, PPB is entitled to attorneys' fees under Texas Civil Practices & Remedies Code § 38.001(8).

---

[48] *See* Ex. A-1 (App. 6-13); Ex. A-2 (App. 14-16); Ex. A-3 (App. 17-19); Hira's Resps. to PPB's Reqs. for Adm. No. 33-35 (App. 44).

[49] *See* Ex. A, ¶ 13 (App. 3).

[50] *Id*.

[51] *Id*.

[52] *Id*.

[53] *Id*.

[54] *See* Ex. A-2 (App. 14-16); Ex. A-3 (App. 17-19).

28. PPB was required to retain the services of Jackson Walker L.L.P. to collect the indebtedness owed to it by Hira.[55]

29. The attorneys' fees incurred by PPB in connection with the collection of GMH and Hira's indebtedness include costs incurred in this proceeding and in the bankruptcy proceeding against GMH.[56] PPB not only incurred attorneys' fees for collection on the Note in this case, but also incurred attorneys' fees related to the GMH bankruptcy.[57]

30. The Guaranty provides that "[Hira] unconditionally guarantees payment to [PPB] of all amounts owing under the Note," and further that "[Hira] promises to pay all expenses [PPB] incurs to enforce this Guarantee, including, but not limited to, attorneys' fees and costs."[58] The Note and Loan Agreement contain similar language.[59] The Note provides that PPB may add attorneys' fees incurred by enforcing the terms of the Note to the principal balance and demand payment of same.[60]

31. Therefore, all the attorney's fees incurred relate to the collection of the GMH and Hira's outstanding debt and it is not necessary to segregate the fees incurred in this case and the fees incurred in connection with PPB's other collection efforts (in the GMH Bankruptcy).[61] The affidavit of attorney Robert P. Latham attesting to the reasonableness and necessity of PPB's attorneys' fees and expenses is attached as Exhibit B. Mr. Latham's affidavit testimony establishes that:

> (i) PPB incurred attorneys' fees and expenses in the prosecution of this suit that were reasonable. PPB has also incurred

---

[55] *See* Ex. A, ¶ 14 (App. 3); Ex. B, ¶ 6 (App. 31-32).

[56] *See* Ex. B, ¶ 6 (App. 31-32).

[57] *Id*.

[58] *See*., Ex. A-3, ¶¶ 1, 6 (App. 17-18).

[59] *See* Ex. A-1 (App. 6-13); Ex. A-2 (App. 14-16).

[60] *See* Ex. A-2 (App. 14-16).

[61] *See* Ex. B, ¶ 6 (App. 31-32).

attorneys' fees and expenses relating to the GMH bankruptcy case. (Ex. B, ¶ 6) (App. 31-32);

(ii) The reasonable attorneys' fees, costs, and expenses incurred by PPB as of May 18, 2017 in connection with PPB's collection efforts, and to investigate and prosecute this case through preparation of this motion for summary judgment are $55,281.53. (Ex. B, ¶ 7) (App. 32);

(iii) The reasonable attorneys' fees, costs, and expenses for representing PPB on appeal to the United States Court of Appeals for the Fifth Circuit are $25,000.00 (Ex. B, ¶ 10) (App. 33); and

(iv) The reasonable attorneys' fees, costs, and expenses for representing PPB on appeal to the United States Supreme Court are $30,000.00 (Ex. B, ¶ 11) (App. 33).

## VI. POST-JUDGMENT INTEREST.

32. PPB is entitled to post-judgment interest on all judgment amounts pursuant to the rate fixed by federal law.

## VII. PRAYER

Plaintiff Pacific Premier Bank prays that this Court grant summary judgment in favor of PPB and against Defendant Chetna Hira and for such other and further relief to which PPB shows itself entitled, including all reasonable and necessary attorneys' fees and costs incurred in bringing this lawsuit.

Dated this 24th day of May, 2017.

Respectfully submitted,

JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000

By: */s/ Robert P. Latham*
Robert P. Latham
State Bar No. 11975500
Email: blatham@jw.com
Lindsey E. Marsh
State Bar No. 24087977
Email: lmarsh@jw.com

**ATTORNEYS FOR PLAINTIFF PACIFIC PREMIER BANK**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2017, true and correct copies of the foregoing were served on all parties of record via the electronic case filing notification system.

*/s/ Lindsey E. Marsh*
Lindsey E. Marsh