IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PACIFIC PREMIER BANK, | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-00312-B |
| | § | |
| GROUP MIDLAND HOTELS, LLC, and | § | |
| CHETNA HIRA, | § | |
| *Defendants*. | § | |

**APPENDIX IN SUPPORT OF PLAINTIFF PACIFIC PREMIER BANK'S
SUPPLEMENT TO MOTION FOR SUMMARY JUDGMENT**

Plaintiff Pacific Premier Bank hereby submits it Appendix in Support of its Supplement to Motion for Summary Judgment as follows:

| DESCRIPTION | APPENDIX PAGE(S) |
|---|---|
| **Exhibit C**: Affidavit of Mark Whalen dated June 19, 2017. | App. 66-68 |
| **Exhibit D:** Affidavit of Robert P. Latham dated June 14, 2017. | App. 69-72 |

1

        Respectfully submitted,

        JACKSON WALKER LLP
        2323 Ross Avenue, Suite 600
        Dallas, Texas  75201
        Telephone:  (214) 953-6000

        By: */s/ Robert P. Latham*
            Robert P. Latham
            State Bar No. 11975500
            Email:  blatham@jw.com
            Lindsey E. Marsh
            State Bar No. 24087977
            Email: lmarsh@jw.com
            **ATTORNEYS FOR PLAINTIFF**
            **PACIFIC PREMIER BANK**

## CERTIFICATE OF SERVICE

     I hereby certify that on June 20, 2017, true and correct copies of the foregoing were served on all parties of record via the electronic case filing notification system.

            */s/ Lindsey E. Marsh*
            Lindsey E. Marsh

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PACIFIC PREMIER BANK,<br>  *Plaintiff*, | § § § § | |
| vs. | § | CIVIL ACTION NO. 3:17-CV-00312-B |
| GROUP MIDLAND HOTELS, LLC, and<br>CHETNA HIRA,<br>  *Defendants*. | § § § § § | |

**AFFIDAVIT OF MARK D. WHALEN**

STATE OF CALIFORNIA   §
           §
COUNTY OF ORANGE    §

Before me, the undersigned authority, on this day personally appeared Mark D. Whalen, who upon his oath, deposed and stated as follows:

1. My name is Mark D. Whalen, I am over the age of 21, am competent to testify, and the matters set forth herein are based upon my personal knowledge.

2. I am presently employed by Pacific Premier Bank ("PPB") as a Senior Vice President and Director of Portfolio Management. The facts set forth in this affidavit are based on my personal knowledge, all of which are true and correct. My personal knowledge is derived from my involvement with the transactions and agreements between PPB, Group Midland Hotels, LLC ("GMH"), and Chetna Hira ("Hira").

3. This Affidavit is given in support of PPB's Supplement to its Motion for Summary Judgment.

4. On June 1, 2017, and in accordance with an Agreed Order Granting PPB's Motion for Relief from the Automatic Stay in the GMH Bankruptcy Case, GMH paid the amount of $1,200,000.00 to PPB in exchange for a release of a lien on GMH's property (the "GMH

Bankruptcy Payment"). PPB applied the GMH Bankruptcy Payment as an offset to the amount due and owing under the Note and guaranteed by Hira.

5. As of June 14, 2017, a balance of $1,229,873.76 remains due and owing on the Note after taking into account the GMH Bankruptcy Payment and other offsets and credits. This amount is made up of $1,083,647.96 in principal, $136,710.31 in interest, and $9,515.49 in late charges and fees. Interest continues to accrue in the amount of $200.40 per day on the Note. This figure does not include any costs or attorneys' fees which are owed to PPB by Hira.

6. PPB was required to retain the services of Jackson Walker LLP to collect the indebtedness owed by GMH and Hira.

FURTHER AFFIANT SAITH NOT.

_____
Mark D. Whalen

SUBSCRIBED AND SWORN TO BEFORE ME, on this 19th day of June, 2017.

_____
Notary Public in and for the State of California

My Commission Expires:

_____

SEE ATTACHED

# CALIFORNIA JURAT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA     }

COUNTY OF __Orange__     }

Subscribed and sworn to (or affirmed) before me on this __19th__ day of __June__, __2017__
                                                                    Date              Month              Year

by __Mark D. Whalen__----------------------------------------------------------------------------------

-------------------------------------------------------------------------------------
                                    Name of Signers

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature: _____
            Signature of Notary Public

GRISEL M. ABASSI
COMM. #2069986
Notary Public - California
Orange County
My Comm. Expires May 31, 2018

Seal
Place Notary Seal Above

---------------------------------------------- OPTIONAL ----------------------------------------------
Though this section is optional, completing this information can deter alteration of the document or fraudulent attachment of this form to an unintended document.

**Description of Attached Document**
Title or Type of Document: __Affidavit of Mark D. Whalen__

Document Date: __June 19, 2017__

Number of Pages: _____

Signer(s) Other Than Named Above: __None__

**EXHIBIT C**                                    **App. 068**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PACIFIC PREMIER BANK, | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:17-CV-00312-B |
| | § | |
| GROUP MIDLAND HOTELS, LLC, and | § | |
| CHETNA HIRA, | § | |
| *Defendants*. | § | |

## AFFIDAVIT OF ROBERT P. LATHAM

STATE OF TEXAS §
§
DALLAS COUNTY §

Before me, the undersigned notary, on this day personally appeared Robert P. Latham, a person whose identity is known to me. After I administered an oath to him, upon his oath he said:

1.  My name is Robert P. Latham. I am capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.  I am a partner at the law firm of Jackson Walker L.L.P. ("Jackson Walker"). I was licensed to practice law in the State of Texas in 1983 and have actively practiced law on a full time basis since then, principally in Dallas County. My practice has involved creditors' rights and other civil litigation in state and federal courts.

3.  I am familiar with the guidelines established by the State Bar of Texas concerning the factors to be considered in determining a reasonable fee for professional legal services. In addition, I am familiar with the fees customarily charged for legal counsel and representation of the nature that has been performed in these proceedings.

4. This affidavit contains information relating to Pacific Premier Bank's ("Plaintiff") reasonable attorneys' fees and costs incurred in prosecution of the above-referenced case. Accordingly, I hereby submit this affidavit, taking into account the following factors:

(a) the novelty and difficulty of the question involved and the skill requisite to perform the legal services properly;

(b) the fee customarily charged in the locality for similar legal services;

(c) the total dollar amount involved and the results obtained;

(d) time limitations imposed by the client or the circumstances;

(e) the experience, reputation, and ability of the firm and the attorney handling the matter.

See Tex. Civ. Prac. & Rem. Code § 26.003(a); Rule 1.04 (b), Texas Disciplinary Rules of Professional Conduct.

5. My firm was retained by Pacific Premier Bank, N.A. ("Plaintiff") to assist in its prosecution of the above-referenced cause. I have personally performed or have supervised the performance of legal services for and on behalf of the Plaintiff in this action. Specifically, Jackson Walker associate Lindsey Marsh and I performed the work in this lawsuit on behalf of Plaintiff. Plaintiff has incurred attorneys' fees in the prosecution of this suit that were reasonable and necessary. Plaintiff has also incurred attorneys' fees and expenses relating to the enforcement of the Note in the GMH Bankruptcy proceeding *In re Group Midland Hotels, LLC*, Case No. 17-70021, in the United States Bankruptcy Court for the Western District of Texas, Midland Division, Chapter 11 (the "GMH Bankruptcy"). The fees and expenses referenced herein all relate to the collection of GMH's indebtedness to Plaintiff.

6. The reasonable attorneys' fees incurred by Plaintiff during the period November 1, 2016 to June 14, 2017 in connection with Plaintiff's collection efforts and to investigate and prosecute this case through the preparation of this motion for summary judgment are $58,914.00 The reasonable costs and expenses incurred by Plaintiff as of June 14, 2017 in connection with Plaintiff's collection efforts and to investigate and prosecute this case through the preparation of this motion for summary judgment are $1,322.32. Therefore, the total attorneys' fees, reasonable costs and expenses incurred by Plaintiff as of June 14, 2017 in connection with Plaintiff's collection efforts and to investigate and prosecute this case through the preparation of this motion for summary judgment are $60,240.32. In my opinion, these attorneys' fees, costs, and expenses are reasonable and necessary for the work Jackson Walker performed in this matter through June 14, 2017.

7. Based upon consideration of all the factors stated above, reasonable attorneys' fees and costs incurred and paid by Plaintiff for prosecution of this action to date are $60,240.32.

8. Plaintiff seeks from Hira a total amount of $58,914.00 in fees and $1,322.32 in expenses for a sum total of $60,240.32.

9. Additionally, it is my opinion that the reasonable value of attorneys' fees, costs, and expenses reasonably and necessarily incurred by Plaintiff should Jackson Walker be required to represent Plaintiff on appeal to the United States Court of Appeals for the Fifth Circuit is $25,000.00.

10. Further, it is my opinion that the reasonable value of attorneys' fees, costs, and expenses reasonably and necessarily incurred by Plaintiff should Jackson Walker be required to represent Plaintiff on appeal to the United States Supreme Court is $30,000.00.

FURTHER AFFIANT SAYETH NOT.

_____
Robert P. Latham

SUBSCRIBED and SWORN TO before me on this the 14th day of June, 2017 to certify my hand and official seal.

_____
Notary Public Signature

[Notary Seal: CINDY L. BIVINS, Notary Public, State of Texas, Comm. Expires 02-19-2018, Notary ID 705641]