UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PACIFIC PREMIER BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-0312-B |
| | § | |
| CHETNA HIRA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Pacific Premier Bank's (Pacific) Motion for Summary Judgment. Doc. 17. For the reasons that follow, the Court **GRANTS** the Motion.

### I.

### BACKGROUND[1]

This is a breach-of-guaranty case. In December 2012, Pacific loaned former[2] Defendant Group Midland Hotels, LLC (GMH) $2,440,000 pursuant to a business loan agreement (Loan Agreement). Doc. 19, App. in Supp., 6. Pursuant to the accompanying note (Note), GMH was required to pay Pacific $15,724.30 on the first day of every month. *Id.* at 14. The loan's entire balance would become due in 2038, after twenty-five years' of monthly payments. *Id.* at 15. The Note states that failing to timely make a monthly payment would result in default. *Id.* In connection with the Note and Loan Agreement, Defendant Chetna Hira (Hira), GMH's Managing Member, executed an unconditional

---

[1] The Court takes its factual account from the uncontested facts contained in the summary-judgment record. Any contested fact is identified as the allegation of a particular party.

[2] The Court granted Pacific's motion to dismiss GMH from this case without prejudice. Doc. 80.

guaranty (Guaranty), by which Hira "unconditionally guarantee[d] payment to [Pacific] of all amounts owing under the Note." *Id.* at 17. GMH stopped making payments in 2015. *Id.* at 3. And despite several demands by Pacific, *id.* at 20–25, neither GMH or Hira has made a payment since, *id.* at 3.

In February 2017, Pacific filed suit against GMH and Hira to collect the entire balance of the loan. Doc. 1, Compl. Just days later, GMH filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas, Midland Division (17-70021-tmd), which triggered an automatic stay in this case as to GMH only. Doc. 6. Pursuant to the Lift Stay Order entered in GMH's bankruptcy case, GMH paid Pacific $1,200,000 from the sale or refinance of certain property owned by GMH (Property Proceeds). Doc. 26, Suppl. Doc., 2–3. The Property Proceeds were applied to the principal balance of the loan. *Id.* at 2; *see also* Doc. 29, Resp., 3. Pacific seeks from Hira the amount still due under the loan, plus interest, fees, and attorney's fees and costs. Doc. 17, Mot. for Summ. J.,1. Pacific asserts in its Motion that Hira breached the Guaranty by failing to make GMH's monthly payments under the Note. *Id.* Chetna contends in her Response that the Court should not grant Pacific's Motion for Summary Judgment because there is a genuine issue of material of fact regarding how the Property Proceeds were applied to the balance of the loan. Doc. 29, Resp., 1. Pacific's Motion is fully briefed and ripe for consideration.

## II.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A dispute "is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." *Burrell v. Dr. Pepper/Seven Up Bottling Grp.*, 482 F.3d 408, 411 (5th Cir. 2007). And a fact "is 'material' if its resolution could affect the outcome of the action." *Id.*

The burden is on the movant to prove that no genuine issue of material fact exists. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Usually, this requires the movant to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). If the non-movant ultimately bears the burden of proof at trial, however, the movant may satisfy its burden just by pointing to the absence of evidence supporting the non-movant's case. *Id.* at 322–23.

If the movant meets its burden, then the burden shifts to the non-movant to "show with significant probative evidence that there exists a genuine issue of material fact." *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (internal quotation marks omitted). "[M]etaphysical doubt as to material facts," "conclusory allegations," "unsubstantiated assertions," or a mere "scintilla of evidence" will not do. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam). Rather, "the non-movant must go beyond the pleadings and present specific facts indicating a genuine issue for trial." *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014).

In determining whether a genuine issue exists, the Court views the evidence in the light most favorable to the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). But the Court need not "sift through the record in search of evidence to support a party's opposition to summary

judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Rather, the non-movant must "identify specific evidence in the record" and "articulate the precise manner in which that evidence supports [its] claim." *Id.* If it cannot do so, then the Court must grant summary judgment. *Little*, 37 F.3d at 1076. "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### III.

### ANALYSIS

Pacific is moving for summary judgment on its breach-of-guaranty claim. Doc. 17, Mot. for Summ. J., 1–2. In its view, the summary-judgment evidence establishes that Hira executed the Guaranty with Pacific and breached it by failing to make monthly payments on behalf of GMH after GMH defaulted. Doc. 18, Br. in Supp., 7–8. Hira argues in her Response that the Court may not grant Pacific's Motion for Summary Judgment because a genuine dispute of material fact exists regarding how the balance of the loan was calculated. Doc. 29, Resp., 1. Hira correctly points out, and Pacific does not dispute, that Pacific applied the Property Proceeds to the principal of the loan, not to the accruing interest. *Id.* at 1–2. But Hira contends that the Note requires Pacific to apply GMH's payments to the interest before the principal. *Id.* Hira asserts that these two facts conflict, so the Court may not enter summary judgment in Pacific's favor. *Id.* at 3. Pacific argues in its Reply that whether the Property Proceeds were applied to the principal or interest is not sufficiently material to deny its motion for summary judgment because it is irrelevant in deciding whether Hira is liable for breaching the Guaranty. Doc. 30, Reply, 2. But even if how the Property Proceeds were

applied to the loan was material, Pacific argues the evidence does not create a dispute because the Note only governs monthly installments and in no way indicates that lump-sum payments like the Property Proceeds must first be applied to the interest. *Id.* at 3.

To obtain summary judgment on a breach-of-guaranty claim under Texas law, a plaintiff must "prove: (1) the existence and ownership of the guaranty contract, (2) the performance of the terms of the contract by plaintiff, (3) the occurrence of the condition on which liability is based, and (4) guarantor's failure or refusal to perform the promise." *Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 80 (Tex. App.—Texarkana 2008, pet. denied).

The evidence Pacific has provided indicates that there is no genuine dispute of material fact and that Pacific is entitled to judgment as a matter of law. Pacific has demonstrated that it entered into the Guaranty with Hira, Doc. 19, App. in Supp., 17–19, that Hira breached the Guaranty, which is unconditional, by failing to pay monthly installments on behalf of GMH upon GMH's default despite several demands by Pacific, *id.* at 20–25, and that Pacific upheld its end of the bargain by loaning GMH money, *id.* at 14. And the Court agrees with Pacific that how the Property Proceeds were applied is not material because whether the Property Proceeds were applied to the interest or to the principal does not in any way "affect the outcome of the suit," that is, whether Hira breached the Guaranty. *Anderson*, 477 U.S. at 248. But even if it did, the Note does not require Pacific to apply the Property Proceeds to the interest before the principal—the portion of the Note Hira references only regulates monthly installment payments. Doc. 19, App. in Supp., 14. So even when viewing the evidence in a light most favorable to Hira, the premise of Hira's only argument in her Response is incorrect. For these reasons the Court **GRANTS** Pacific's Motion for Summary Judgment as to Pacific's breach-of-guaranty claim.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Pacific's Motion for Summary Judgment. Doc. 17. The Court **ORDERS** the parties to jointly submit a proposed final judgment within thirty (30) days of this Order. Pacific's request for attorney's fees—assuming the request still stands—must to be submitted in a separate motion within thirty (30) days of this Order.

**SO ORDERED.**

**SIGNED: February 23, 2018.**

_____
**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**