UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PACIFIC PREMIER BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-0312-B |
| | § | |
| CHETNA HIRA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Pacific Premier Bank's (Pacific) motion for attorneys' fees and expenses. Doc. 85. For the following reasons, the Court **GRANTS in part** and **DENIES in part** the motion.

### I.

### BACKGROUND[1]

In 2012, Pacific loaned Group Midland Hotels, LLC (GMH) $2,440,000 pursuant to a business loan agreement. *Pac. Premier Bank v. Hira*, No. 3:17-CV-0312-B, 2018 WL 1046625, at *1 (N.D. Tex. Feb. 23, 2018). Chetna Hira (Hira) signed the business loan agreement and accompanying note (Note) on behalf of GMH as the Managing Member. *Id.* Hira also executed an unconditional guaranty (Guaranty) by which Hira "unconditionally guarantee[d] payment to [Pacific] of all amounts owing under the Note." *Id.* In 2015, GMH stopped making payments, and neither GMH nor Hira made any subsequent payments. *Id.*

---

[1] The Court takes its factual account from the facts in *Pacific Premier Bank v. Hira* and Pacific's motion for attorneys' fees and costs.

- 1 -

In 2017, Pacific filed suit against GMH and Hira to collect the balance of the loan. *Id.* Days later, GMH filed for bankruptcy, triggering an automatic stay as to GMH only. *Id.* Pacific participated in the GMH bankruptcy proceedings (Bankruptcy Proceedings) as a secured creditor. Doc. 85, Pl.'s Mot. Att'ys' Fees, 2. The Bankruptcy Proceedings resulted in a $1,200,000 payment to Pacific toward the balance of the loan. *Id.* at 4. Pacific then dismissed GMH from the suit and sought to enforce the Guaranty and recover the remaining balance from Hira. *Id.* at 5. In February 2018, the Court entered summary judgment in favor of Pacific. *Pac. Premier Bank*, 2018 WL 1046625, at *3.

On March 23, 2018, Pacific filed this motion seeking a total award of $148,420.82 in attorneys' fees and litigation-related costs from Hira. Doc. 85, Pl.'s Mot. Att'ys' Fees, 6. Pacific's motion is ripe for consideration.

## II.

## LEGAL STANDARD

In the Fifth Circuit, Texas law governs the award of reasonable attorneys' fees and costs if Texas law governed the rule of decision. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Tex. Civ. Prac. & Rem. Code § 38.001, "[a] person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." Further, "when a prevailing party in a breach of contract suit seeks attorneys' fees, an award of reasonable fees is mandatory under . . . § 38.001(8)." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000). It is a rebuttable presumption that the usual and customary attorneys' fees are reasonable. Tex. Civ. Prac. & Rem. Code § 38.003. However, "a trial court has the discretion to determine the proper amount of attorneys' fees." *Kona Tech. Corp.*, 225 F.3d at 614.

The preferred method of determining a reasonable award of attorneys' fees under § 38.001 is the lodestar method. *Hometown 2006-1 1925 Valley View, LLC v. Prime Income Asset Mgmt., LLC*, No. 3:11-CV-2633-O, 2013 WL 12128708, at *1 (N.D. Tex. July 18, 2013). The lodestar method is a two-step process. *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016). First, courts calculate the lodestar by multiplying the "number of hours reasonably expended . . . by the prevailing hourly rate in the community for similar work." *Id.* (internal citation and quotation marks omitted). "There is a strong presumption of the reasonableness of the lodestar amount." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Texas courts then apply the eight *Andersen* factors[2] to determine whether the lodestar should be adjusted. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

## III.

## ANALYSIS

Pacific seeks $121,668 in attorneys' and paralegal fees, $15,859 in attorneys' fees for the instant motion and its accompanying reply brief, $10,893.82 in costs, future appellate fees, and prejudgment interest. Doc. 85, Pl.'s Mot. Att'ys' Fees, 24–25. In support, Pacific submits invoices, a timekeeper summary, and an affidavit from Robert P. Latham, Pacific's lead counsel on this case. Hira argues Pacific cannot recover (1) attorneys' fees associated with the Bankruptcy Proceedings,

---

[2] They are: "(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client;(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered." *Arthur Andersen & Co.*, 945 S.W.2d at 818.

(2) attorneys' fees expended to rectify Pacific's erroneous interest calculation, (3) fees for clerical paralegal work, (4) various costs, and (5) future appellate fees. Doc. 93, Def.'s Resp., 3–12. The Court will address Hira's arguments, sua sponte deduct additional fees, and then calculate the lodestar amount.

A.  *Hira's Arguments*

   1.  <u>Scope of Guaranty</u>

Hira argues Pacific may not recover attorneys' fees or costs associated with the Bankruptcy Proceedings because they fall outside the scope of the Guaranty and the Court's final judgment. Doc. 93, Def.'s Resp., 3–6. Pacific asserts the Guaranty requires Hira to pay the amount the Note requires GMH to pay, and the Note requires GMH to pay Pacific's attorneys' fees incurred enforcing the Note. Doc. 96, Pl.'s Reply, 4–5.

The Court agrees with Pacific that the Guaranty permits Pacific to recover fees associated with the Bankruptcy Proceedings from Hira. Texas courts construe a guaranty like any other contract. *Mid-S. Telecomms. Co. v. Best*, 184 S.W.3d 386, 390 (Tex. App.—Austin 2006, no pet.). "When construing a contract, the court's primary concern is to give effect to the written expression of the parties' intent." *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex. 1994). Texas courts "give terms their plain, ordinary, and generally accepted meaning" and "presume that the parties to a contract intend every clause to have some effect." *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996).

The Guaranty requires Hira to pay whatever the Note requires GMH to pay, and the Note requires GMH to pay Pacific's reasonable attorneys' fees associated with enforcing the Note. The Note allows Pacific to "demand immediate payment" from GMH for "expenses to collect amounts

due under this Note, enforce the terms of this Note or any other Loan Document," including "reasonable attorney's fees and costs." Doc. 19, Pl.'s App., 15. The Guaranty "unconditionally guarantees payment [from Hira] to [Pacific] of all amounts owing under the Note." *Id.* at 17. The fees in the Bankruptcy Proceedings were incurred to enforce the Note, so the Guaranty requires Hira to pay them.

2.  Pacific's Miscalculation

Hira says Pacific should not be able to collect attorneys' fees incurred to rectify its interest miscalculation in its summary-judgment briefing. Doc. 93, Def.'s Resp., 7–8.[3] The Court agrees. Pacific's counsel spent twenty hours on Pacific's motion for leave and its accompanying reply brief (Docs. 75, 78), which would not have been necessary but for Pacific's miscalculation. Doc. 87, Pl.'s App., 68–72. The Court refuses to award Pacific attorneys' fees for this time.

3.  Paralegal Fees

Pacific seeks $3,000 in paralegal fees. Doc. 85, Pl.'s Mot. Att'ys' Fees, 18. Hira argues that Pacific's paralegal staff performed unrecoverable clerical work. Doc. 93, Def.'s Resp., 9. The Court agrees with Hira that a portion of Pacific's paralegal work was clerical and therefore unrecoverable. Under Texas law, an award for attorneys' fees can include compensation for paralegal work that is substantive in nature and performed under attorney supervision. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 763 (Tex. 2012). Courts consider evidence showing: (1) the qualifications of the legal assistant to perform substantive legal work, (2) that the legal assistant performed substantive legal work under the direction and supervision of an attorney, (3) the nature of the legal work performed,

---

[3] Pacific acknowledged it improperly calculated interest on the damages requested in its motion for summary judgment. Doc. 75, Pl.'s Mot. Leave, 1.

(4) the legal assistant's hourly rate, and (5) the number of hours expended by the legal assistant. *Id.* The Court typically does not award fees for clerical tasks like "calendaring, organizing documents, reviewing correspondence, updating files and binders, copying documents, loading and organizing computer databases . . . and mailing or delivering documents." *Kimberly-Clark Corp. v. Factory Mut. Ins. Co.*, No. 305-CV-2097-B, 2008 WL 1958998, at *7 (N.D. Tex. Apr. 30, 2008). Examples of recoverable legal tasks performed by staff include "contacting state agencies to request information, drafting deposition notices or trial subpoenas, and drafting most documents that will be filed with the Court." *Id.*

The Court refuses to award Pacific for all of its paralegal work because some of it was clerical. The timekeeper summary shows 9.6 hours of "electronic filing or other service, transmitting of proposed orders, and courtesy copies of filings to court or other service" and "JW electronic case file management." Doc. 86, Latham Aff., ¶ 37. Pacific cannot recover for these hours. *Kimberly-Clark Corp.*, 2008 WL 1958998, at *7.

4.  Costs

Pacific seeks $10,893.82 for costs. Doc. 85, Pl.'s Mot. Att'ys' Fees, 20–22. Hira argues that Pacific lacks adequate evidence to show the expenses were necessary and reasonable. Doc. 93, Def.'s Resp., 11–12. And Hira argues the mediation fee is not recoverable. *Id.* at 12.

The Court disagrees with Hira and awards Pacific costs. The Latham Affidavit and invoices detailing monthly expenses provide sufficient support that Pacific's expenses were necessary and reasonable. Doc. 86, Latham Aff., ¶¶ 41–51. And the mediation fee was a cost incurred to enforce the Note, meaning it is recoverable under the Guaranty. Therefore, this Court **GRANTS** Pacific's request and awards $10,893.82 for costs.

### 5. Appellate Fees

Hira argues appellate fees should be denied as premature and speculative at this stage. Doc. 93, Def.'s Resp., 10. The Court agrees. *See, e.g., Spear Mktg., Inc. v. Bancorpsouth Bank*, No. 3:12-CV-3583-B, 2016 WL 193586, at *16 (N.D. Tex. Jan. 14, 2016). Therefore, the Court **DENIES** Pacific's request for appellate fees **without prejudice**.

B. *Sua Sponte Considerations*

### 1. Fees for Pacific's Motion for Attorneys' Fees and Costs

Pacific seeks $11,859 for attorneys' fees associated with its motion for attorneys' fees and costs as well as $4,000 for its accompanying reply brief. Doc. 85, Pl.'s Mot. Att'ys' Fees, 23–24. The Court refuses to award Pacific fees related to its reply brief, which had not been prepared before Pacific filed its motion, because its request was based on a speculation. *See Moore v. Town N. Auto., Inc.*, No. 3:14-CV-1215-D, 2014 WL 3396100, at *5 (N.D. Tex. July 11, 2014). The Court accordingly **GRANTS** Pacific's request for $11,859 but **DENIES without prejudice** its request for reply-brief fees.

### 2. Prejudgment Interest

Pacific also requests prejudgment interest at a rate of 5% for attorneys' fees and costs paid prior to the Court's order granting Pacific's motion for summary judgment. Doc. 85, Pl.'s Mot. Att'ys' Fees, 19–20. The Court denies Pacific's request because prejudgment interest is not recoverable for attorney-fee awards under Texas law. *See Giddy Up, LLC v. Prism Graphics, Inc.*, No. 306-CV-0948-B, 2007 WL 3125312, at *1 (N.D. Tex. Oct. 24, 2007); *see also Cushman & Wakefield, Inc. v. Fletcher*, 915 S.W.2d 538, 547 (Tex. App.—Dallas 1995, writ denied).

C.   *Lodestar Calculation*

The lodestar is calculated by multiplying the hours expended by the reasonable rate. *Combs*, 829 F.3d at 391. After subtracting attorney hours spent to rectify Pacific's interest miscalculation and the clerical work performed by paralegals, the Court finds Pacific's attorneys worked 362.8 hours at a blended rate of $310 per hour, and Pacific's paralegals worked 10.4 hours at a rate of $150 per hour. The Court finds these rates and hours reasonable. *See Spear Mktg., Inc.*, 2016 WL 193586, at *9. So the lodestar is $114,028. Consideration of the *Andersen* factors does not justify increasing or decreasing the amount. *Arthur Andersen & Co.*, 945 S.W.2d at 818.

## V.

## CONCLUSION

For the reasons stated, the Court **GRANTS in part** and **DENIES in part** Pacific's motion for attorneys' fees and expenses, Doc. 85, and awards Pacific $114,028 for attorney and paralegal fees, $10,893.32 for costs, and $11,859 for the instant motion for a total award of $136,780.32.

**SO ORDERED.**

**SIGNED: July 18, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE